**AT & T CORPORATION, Plaintiff,**

v.

**U.S. POSTAL SERVICE, Defendant.**

**No. 96 C 4573.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 28, 1997.

**518**

Fay Clayton, Robinson, Curley & Clayton, P.C., Chicago, IL, Ron R. Hutchinson, Gerard F. Doyle, Todd R. Metz, Doyle & Bachman, Washington, DC, for AT & T Corp., plaintiff.

Robert T. Oleszkiewicz, Dennis J. Aukstik, John J. George, Michael Daley, Chris Anthony Leach, Mark G. Vanecko, Richard A. Toth, Catherine Wilson Murnane, Daley & George Ltd., Chicago, IL, for Public Communications Services, intervenor.

Matthew David Tanner, United States Attorney's Office, Chicago, IL, for United States Postal Service, defendant.

## ORDER

GOTTSCHALL, District Judge.

On July 24, 1996, AT & T filed an action for declaratory and injunctive relief relating to a series of sole-source contracts entered into by the defendant, the United States Postal Service, and Public Communication Services ("PCS") for the management of public pay telephones in various locations across the U.S. On August 29, 1996, the Postal Service filed a motion to dismiss on the grounds that (1) AT & T lacks standing to challenge alleged violations of the Postal Service's procurement regulations; (2) the Postal Service's procurement decisions are not judicially reviewable; and (3) AT & T has not alleged a proper basis for a breach of contract claim.

On March 20, 1997, this court issued an order denying the motion to dismiss. The Postal Service has filed a motion to reconsider only the court's decision that AT & T had standing to contest the Postal Service's actions and cited a Supreme Court case decided one day prior to this court's ruling, *Bennett v. Spear*, 520 U.S. 154, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). This court has analyzed *Bennett* and denies the motion to reconsider. The Supreme Court in *Bennett* reiterated the same conclusion it had reached in prior cases, that "the breadth of the zone of interests varies according to the provisions of law at issue, so that what comes within the zone of interests of a statute for purposes of obtaining judicial review of administrative action under the 'generous review provisions' of the APA may not do so for other purposes." *Bennett* at 1161. This court does not believe that the decision in *Bennett* provides any basis for reconsidering its prior decision. Accordingly, the motion to reconsider is denied.